

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
**RICHARD GILLIAM,**
:
                           Petitioner,
:   **MEMORANDUM**
            - against -
:   **DECISION AND ORDER**

:   08-cr-00742 (AMD)
**UNITED STATES OF AMERICA,**
:
                           Respondent.
:
------------------------------------------------------------ X

**ANN M. DONNELLY,** District Judge:

Richard Gilliam, assisted by counsel, filed a habeas petition under 28 U.S.C. § 2255 challenging his 44-year prison sentence for drug-related murder. In an oral ruling dated July 25, 2013, Judge John Gleeson denied the petition. The petitioner, thereafter proceeding *pro se*, filed multiple unsuccessful motions for post-conviction relief. At present,[1] in a motion pursuant to Federal Rule of Civil Procedure 60(b), the petitioner argues that the lawyer for the habeas petition was ineffective because she failed to raise multiple defects in his plea and sentencing. For the reasons that follow, the petitioner's motion is denied.

## BACKGROUND

### I. Factual History

On or about November 13, 2006, the petitioner – while involved in a drug operation – killed Jose Machicote, a man who allegedly robbed the petitioner. (CR ECF[2] No. 29; CIV ECF[3] No. 11-1 at 7.) The petitioner bound and gagged the victim, and then tortured him for about six

---

[1] This case was reassigned to me in October of 2018.
[2] "CR ECF" refers to the filings in the petitioner's underlying criminal case. *United States v. Gilliam*, No. 08-cr-00742 (E.D.N.Y. filed Oct. 24, 2008).
[3] "CIV ECF" refers to the filings in the petitioner's civil case. *Gilliam v. United States*, No. 13-cv-01271 (E.D.N.Y. filed Mar. 11, 2013).

1

hours. (CIV ECF No. 11-1 at 7.) He broke his fingers, stabbed him with a screwdriver, and cut him all over his body, including on his head, legs, and buttocks. (*Id.*) The victim survived, but the petitioner wrapped him in a rug, drove him to a vacant lot, and shot him. (*Id.* at 8.)

## II. Procedural History

In February of 2010, the petitioner pleaded guilty to drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A). (CR ECF No. 69.) The court sentenced him to a prison term of 44 years and 5 years of supervised release. (CR ECF No. 90.) The Second Circuit unanimously affirmed the sentence. (CR ECF No. 101.)

On March 11, 2013, the petitioner, represented by counsel, filed a habeas petition under 22 U.S.C. § 2255. (CIV ECF No. 5). He argued that his lawyers at sentencing were ineffective because they did not ask Judge Gleeson to impose a sentence below the Sentencing Guidelines and did not alert the court to sentencing disparities from other similarly situated federal and state defendants. (*Id.* at 6, 21.) Judge Gleeson denied the application and declined to issue a certificate of appealability. (CIV ECF No. 11-1 at 9.) He pointed out that the petitioner's lawyers "aggressively sought the lowest possible sentence available and presented and argued numerous mitigating factors[,]" but that the circumstances of the crime – the hours of torture before an execution-style slaying – warranted the sentence he imposed. (*Id.* at 5.) The petitioner did not make a substantial showing that the petitioner was denied his constitutional rights. (*Id.* at 9.) The Second Circuit dismissed the petitioner's appeal. (CIV ECF No. 8.)

In the ensuing years, the petitioner has filed multiple *pro se* motions challenging his conviction and sentencing. He repeatedly moved the circuit court for a certificate of appealability. (Motions to File Successive Petition, *Gilliam v. United States*, 15-cv-01473 (2d Cir. May 5, 2015), ECF Nos. 2, 5; *see also* Motion to File Successive Petition, *Gilliam v. United*

*States*, 18-cv-603 (2d Cir. Mar. 3, 2018), ECF 9.) He moved to amend his habeas petition. (CIV ECF No. 9.) He also alleged that his lawyer was ineffective in representing him during his plea; he claimed that he did not commit the murder during a drug offense punishable under 21 U.S.C. § 848(e)(1)(A), and that his lawyer did not inform him of the predicate drug offense before he pleaded guilty. (*See, e.g.*, Motion to File Successive Petition, *Gilliam v. United States*, 15-cv-1473 (2d Cir. May 5, 2015), ECF Nos. 2 at 5.) All of his motions were denied. (CIV ECF Nos. 11, 12, 15.)

The petitioner also moved to reopen his § 2255 petition under Rule 60(b), arguing that his habeas counsel was ineffective. (CIV ECF No. 13.) He alleged that the lawyer failed to raise all claims for relief, including that the petitioner was actually innocent, and that the plea agreement was defective. (*Id.* at 3.) Judge Gleeson denied his motion without opinion. (Order denying Motion to Amend/Correct/Supplement, *Gilliam v. United States*, No. 13-cv-01271 (E.D.N.Y. Oct. 9, 2015) ("Petitioner's motion pursuant to Rule 60(b)(6) to reopen the case is denied."))

### III. Present Rule 60(b) Motion

On October 25, 2018, the petitioner filed this motion, again under Rule 60(b). (CR ECF No. 132.) He purports to proceed under subsection (6) of Rule 60(b), which permits district judges to vacate judgments for "any other reason that justifie[s] relief." (*Id.* at 1; Fed. R. Civ. P. 60(b)(6).)

The petitioner claims that his habeas counsel was ineffective for failing to raise three key defects in his plea and sentencing. He claims that there was no evidence that there was drug crime underlying the murder since the government dismissed charges associated with drug trafficking. (CR ECF No. 132 at 1-2, 8.) Thus, because there was no predicate drug offense, his sentence should be reduced. (*Id.* at 2.) Second, he argues that counsel should have investigated

the petitioner's mental state during the crime, and raised the "heat of passion" defense. (*Id.* at 3-4.) He also claims that his age should have played a larger role in sentencing, and that imprisonment until age 70 is excessive. (*Id.* at 5.) Finally, he seems to raise a double jeopardy claim. (*Id.* at 7.)

The Government opposes the motion, arguing that the petitioner "merely seeks to relitigate issues" already waived or decided by the court. (CR ECF No. 141 at 3.)

## DISCUSSION

Because the petitioner is proceeding *pro se*, I consider his submissions liberally, interpreting them to raise the strongest arguments they suggest. Federal Rule of Civil Procedure 60(b)(6) permits district courts to relieve parties from judgment for any reason justifying relief and is granted only in "extraordinary circumstances." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). While Rule 60(b) applies to habeas proceedings, a petitioner cannot use it "to avoid the restriction on second or successive habeas corpus petitions." *Dent v. United States*, No. 09-CV-1938 (BMC), 2013 WL 2302044, at *2 (E.D.N.Y. May 24, 2013); *see also Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) ("Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only to the extent that it is not inconsistent with applicable federal statutory provisions and rules.") (internal alterations, quotation marks, and citations omitted). Courts have "the obligation to characterize the request for relief properly, regardless of the label that the petitioner applies." *Dent*, 2013 WL 2302044, at *2.

Rule 60(b) motions and habeas petitions "have different objectives." *Rodriguez v. Mitchell*, 252 F.3d 191, 197 (2d Cir. 2001). "Specifically, habeas 'petitions seek to invalidate an underlying criminal conviction [or sentence], whereas Rule 60(b) motions only seek to vacate a

4

judgment, such as a judgment dismissing a habeas petition.'" *Robles v. Lempke*, No. 09-CV-2636 (AMD) (JO), 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018) (quoting *Ackridge v. Barkley*, No. 06-CV-3891 (CS) (LMS), 2008 WL 4555251, at *5 (S.D.N.Y. Oct. 7, 2008)). A successive habeas petition can raise "a new ground for relief or attack[] the federal court's previous resolution of a claim on the merits . . . ." *United States v. Spigelman*, No. 05-CR-960 (JPO), 2017 WL 2275022, at *3 (S.D.N.Y. May 24, 2017) (quoting *Gonzalez*, 545 U.S. at 532) (internal quotations omitted). Conversely, a Rule 60(b) motion can only "identify[] some defect in the integrity of the federal habeas proceedings." *Id.* (internal quotations omitted).

A district court presented with a successive habeas petition stylized as a Rule 60(b) motion has "two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d 74, 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). If the Second Circuit already has denied certification, transfer for certification "would be futile." *Persaud v. United States*, No. 04-CV-2862 (CBA), 2010 WL 538823, at *3 (E.D.N.Y. Feb. 11, 2010).

I.  Scope

The petitioner's motion is outside the scope of Rule 60(b) because although the petitioner styles it as a Rule 60(b) motion, it is in reality successive habeas motion. The petitioner frames his motion as an attack on his lawyer's performance, (*see, e.g.*, ECF No. 132 at 1 ("Counsel for original 2255 was ineffective . . . .")), which can present a legitimate challenge to the integrity of a habeas proceeding. However, the petitioner does not explain why his previous habeas

5

proceeding was flawed.[4] Instead, he makes new allegations about his lawyer's effectiveness at sentencing – a claim that he raised in his first § 2255 motion. (CIV ECF No. 5 at 15.)

Although the petitioner raised ineffective assistance of counsel in his first petition, he did not make the claims he makes now. Thus, he did not argue that there was no underlying drug crime or that his lawyer should have raised a defense based on the petitioner's state of mind. However, a party's failure to raise a claim in a habeas proceeding does not call into doubt the proceeding's integrity. *See Al Kassar v. United States*, No. 13-CV-3541 (JSR), 2015 WL 1209663, at *2 (S.D.N.Y. Mar. 11, 2015) ("Petitioner does not challenge the validity of his previous habeas proceeding. Rather, his motion raises new claims, which were not raised [before] . . . . . His claims are therefore 'beyond the scope of Rule 60(b),' . . . and must be denied.") (quoting *Gitten*, 311 F.3d at 534); *see also James v. United States*, 603 F.Supp.2d 472, 482 (E.D.N.Y. 2009) ("[A]llegations of ineffective assistance of . . . counsel attack the underlying conviction rather than the integrity of the habeas proceedings"); *Abu Mezer v. United States*, No. 01-CV-2525(RR), 2005 WL 1861173, at *2 (E.D.N.Y. July 27, 2005) (denying Rule 60(b) motion as outside the scope of the rule because "it seeks to attack the underlying criminal conviction (based on . . . ineffective . . . counsel) rather than the integrity of the original habeas proceeding"). That the petitioner initially sought to raise the absence of the predicate drug crime argument in a successive habeas petition is itself an indication of this motion's true nature. (*See,*

---

[4] Even if the petitioner made a genuine Rule 60(b) motion, I would have denied it. Habeas petitioners have no constitutional right to counsel, and the standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), do not apply in Rule 60(b)(6) challenges. *See Harris*, 367 F.3d at 81. Instead, a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute his habeas petition, abandoned it, and then deprived the petitioner of any opportunity to be heard. *Id.* Moreover, "the failure of an attorney to raise specific issues in a habeas petition does not warrant relief under Rule 60(b)(6)." *See Abad v. United States*, No. 01-CR-831, 2018 WL 2021698, at *2 (S.D.N.Y. Apr. 12, 2018); *see also Azaz v. Artus*, No. 09-CV-3857, 2014 WL 59929, at *2 (E.D.N.Y. Jan. 7, 2014) (argument that attorney's "habeas brief and objections were inadequate" did not demonstrate "total abandonment of petitioner's case" sufficient to warrant relief under Rule 60(b)(6)). Here, the petitioner's argument – that his habeas counsel did not raise various arguments in his initial habeas petition – would not demonstrate the "extraordinary circumstances" justifying relief under Rule 60(b).

*e.g.*, Motion to File Successive Petition, *Gilliam v. United States*, 15-cv-1473 (2d Cir. May 26, 2015), ECF No. 13 at 2.) Thus, the petitioner's motion must be denied as outside Rule 60(b)'s scope.

Finally, the petitioner's reliance on *Buck v. Davis*, ___ U.S. ___, 137 S.Ct. 759 (2017), is misplaced[5] because Buck filed a genuine Rule 60(b) motion, which the Supreme Court addressed in the context of the appropriate relief under Rule 60. (*Id.* at 767, 780.) This is a successive habeas petition, which *Buck* does not address. *See, e.g., Davis v. New York*, No. 07-CV-9265 (SHS), 2017 WL 5157458, at *2 (S.D.N.Y. Nov. 6, 2017) ("Because [the petitioner's] motion is a second or successive habeas petition, he cannot rely on the line of recent U.S. Supreme Court decisions he cites, which address when relief from judgment is proper under Rule 60.").

## II. Timeliness

In any event, the motion is untimely. Motions under Rule 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Court "'must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay'" when determining whether the motion was made within a "reasonable time." *Carbone*, 857 F. Supp. 2d, 486, 488 (S.D.N.Y. 2012) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

Judge Gleeson denied the petitioner's habeas petition on July 25, 2013, and the Clerk issued a final judgment the same day. (*See* CIV ECF No. 11-1 at 9.) The petitioner did not file the present motion until October 25, 2018 – over five years later, well beyond the one-year statutory period for motions under Rule 60(b)(1)-(3), and not a "reasonable time" to file a motion

---

[5] The petitioner's reliance on *Ibarra v. Davis*, 738 Fed. App'x 814 (5th Cir. 2018) and *United States v. Vann*, 728 Fed. App'x 877 (10th Cir. 2018), is also misplaced. Both *Ibarra* and *Vann* feature petitioners who were seeking a certificate of appealability from the appellate court. Because the petitioner's Rule 60(b) motion is a second habeas petition, I may not consider it without authorization from the Second Circuit. 28 U.S.C. § 2255(h).

7

under Rule 60(b)(6). *See, e.g., Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (finding that 26 months "constitutes a patently unreasonable delay absent mitigating circumstances").

There is no reason to exclude the time during which the petitioner's various motions and appeals were pending in the district court and Second Circuit. Even if the Court excluded that time, there is no explanation for the delay. For example, the petitioner allowed nearly three years to pass between June 1, 2015 – the date when the Second Circuit denied his 2015 motion for leave to file a successive habeas petition – and March 2, 2018 – the last time that the petitioner moved the Second Circuit to file a successive habeas petition. (Second Circuit Denial of Motion, *Gilliam v. United States*, 15-cv-1473 (2d Cir. June 1, 2015), ECF No. 20; Motion to File Successive § 2255, 18-cv-603 (2d Cir. March 2, 2018).) Consequently, even if the petitioner's application was a true Rule 60(b) motion, it would be denied as untimely.

## CONCLUSION

Accordingly, the petitioner's motion is DENIED.

**SO ORDERED.**

                                                                              s/Ann M. Donnelly
                                         _____

                                         Ann M. Donnelly
                                         United States District Judge

Dated: May 29, 2019
       Brooklyn, New York