UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

**RICHARD GILLIAM,**

               Petitioner,

    – against –

**UNITED STATES OF AMERICA,**

               Respondent.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
08-CR-00742 (AMD)

**ANN M. DONNELLY**, United States District Judge:

Richard Gilliam pleaded guilty to drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A) in February of 2010. (CR ECF[1] No. 69.) The Honorable John Gleeson sentenced him to a prison term of 44 years and 5 years of supervised release (CR ECF No. 90), and the Second Circuit unanimously affirmed the sentence. (CR ECF No. 101.)

In the ensuing years, the petitioner filed multiple motions challenging his sentence, all of which were denied. (*See, e.g.*, CIV ECF[2] Nos. 11, 12, 15; CR ECF Nos. 146, 150). He now moves for a reduced sentence pursuant to Section 404 the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons that follow, the petitioner's motion is denied.

## DISCUSSION

Familiarity with the facts is assumed. The Fair Sentencing Act increased the amount of cocaine base required to trigger the 5-year and 10-year mandatory minimum sentence terms associated with drug trafficking offenses under 21 U.S.C. § 841(b)(1), and eliminated the 5-year

---

[1] "CR ECF" refers to the filings in the petitioner's underlying criminal case. *United States v. Gilliam*, No. 08-CR-00742 (E.D.N.Y. filed Oct. 24, 2008).

[2] "CIV ECF" refers to the filings in the petitioner's civil case. *Gilliam v. United States*, No. 13-CV-01271 (E.D.N.Y. filed Mar. 11, 2013).

mandatory minimum for simple possession of crack cocaine. *See Dorsey v. United States*, 567 U.S. 260, 269 (2012) ("The Act increased the drug amounts triggering mandatory minimums . . . from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10–year minimum."). The statute applied only to sentences imposed after the law took effect—August 3, 2010—until the First Step Act of 2018 made its provisions retroactive. *United States v. Rose*, 379 F. Supp.3d 223, 227 (S.D.N.Y. May 24, 2019) ("In 2018, Congress passed the First Step Act, which made retroactive the crack cocaine minimums in the Fair Sentencing Act.").

The petitioner argues that he is eligible for a reduced sentence because he committed the offense, which involved cocaine, before August 3, 2010.[3] (ECF No. 149 at 4.) Yet the offense to which he pled guilty—drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A)—is not a covered offense under the Act. Because "the Fair Sentencing Act . . . did not modify the sentence[] for . . . [drug-related] murder[,]" *United States v. Valentine*, No. 06-CR-580, 2019 WL 3242494, at *1 (S.D.N.Y. July 2, 2019), he is not eligible for resentencing.

## CONCLUSION

Accordingly, the petitioner's motion is denied.

**SO ORDERED.**

                                                   s/Ann M. Donnelly
                                                   ANN M. DONNELLY
                                                   United States District Judge

Dated: March 18, 2020
       Brooklyn, New York

---

[3] Because the petitioner is proceeding *pro se,* I consider his submissions liberally, interpreting them to raise the strongest arguments they suggest.