UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                :
**UNITED STATES OF AMERICA**,
                :
         – against –         :  **MEMORANDUM DECISION AND ORDER**
                :
**RICHARD GILLIAM**,        08-CR-742 (AMD)
                :
             Defendant.
                :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Currently before the Court is the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The 45-year-old defendant, who has served approximately 12 years of a 44-year sentence for drug-related murder, argues that he is entitled to this relief because of the COVID-19 pandemic and his health conditions. (ECF No. 157.) The government opposes. (ECF No. 159.) For the reasons that follow, the defendant's application is denied.

## BACKGROUND

      Familiarity with the facts is assumed.[1] The defendant, who is currently incarcerated at FCI Allenwood Medium, made an administrative request for a reduction in his sentence, which Warden J. L. Jamison denied on June 28, 2021. (ECF No. 157 at 17.) On August 9, 2021, the defendant moved *pro se* for a sentence modification because of the COVID-19 pandemic, as well

---

[1] The facts are summarized in the Court's order dated May 29, 2019. (ECF No. 146.)

as his "extraordinary medical history."[2]  (ECF No. 157 at 3.)  The government opposes.  (ECF No. 159.)

## STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"), a criminal defendant can move for "modification" of an imposed term of imprisonment.  To qualify for this relief, the defendant must show that (i) he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[;]"[3] (ii) that "extraordinary and compelling reasons" warrant a reduction; (iii) that these reasons outweigh the Section 3553(a) factors; and (iv) that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Thrower*, 495 F. Supp. 3d 132, 136-37 (E.D.N.Y. 2020).

The defendant bears the burden of demonstrating that "extraordinary and compelling reasons" merit a reduced sentence.  *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").  A court considering a defendant's motion "is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the

---

[2] The defendant has filed multiple motions for various kinds of relief, including a motion pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 132), and a motion to reduce his sentence pursuant to the First Step Act (ECF No. 149).  In addition, the defendant filed a petition pursuant to 28 U.S.C. § 2255, which was denied on July 25, 2013.  *See Gilliam v. United States*, No. 13-CV-1271, ECF No. 1 (E.D.N.Y. Mar. 11, 2013).

[3] The government does not dispute that the defendant has exhausted his remedies.

defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." Application Note 4, U.S.S.G. § 1B1.13. In making its determination, the district court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 236-37 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement on extraordinary and compelling circumstances, while not binding, provides "some guidance" to the district courts. *United States v. Figueroa*, No. 15-CR-495, 2021 WL 664004 (E.D.N.Y. Feb. 19, 2021). The Commission includes examples of extraordinary and compelling circumstances: terminal illnesses such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia," "functional or cognitive" impairments, "serious deterioration in physical or mental health because of the aging process," or family circumstances, such as the death of a child's caregiver or the incapacitation of a spouse. U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(A)(i)–(ii) (2018).

Even if the defendant demonstrates that extraordinary and compelling circumstances exist, those circumstances must outweigh the 18 U.S.C. § 3553(a) factors. These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

3

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

(5) any pertinent [Sentencing Commission] policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

§ 3553(a).

## DISCUSSION

The defendant cites the COVID-19 pandemic as well as his health conditions—including Type 2 diabetes, hypertension, stage 3 kidney failure, chronic duodenal ulcers, obesity and high cholesterol—as extraordinary and compelling circumstances that warrant reducing his sentence.[4] (ECF No. 157 at 13-14.)  The defendant is now fully vaccinated against COVID-19.  (*Id.* at 3.) The vaccines have proven highly effective in preventing COVID-19 infection, including the Delta variant, and courts have held that the "compelling circumstances" associated with COVID-19 risk factors dissipate after a defendant receives a vaccine.  *See, e.g., United States v. Pabon*, No. 17-CR-312, 2021 WL 603269, at *3-4 (S.D.N.Y. Feb. 16, 2021) (denying compassionate release request where inmate had been vaccinated, and collecting cases); *United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (denying compassionate release request, and recognizing that "the COVID-19 vaccines dramatically reduce the risk of death or serious illness from the various variants of COVID-19, even the dreaded Delta

---

[4] According to the government, the defendant's medical records "indicate that he is pre-diabetic"—not that he suffers from Type 2 diabetes—and "suggest he has kidney issues"—not that he is in stage 3 kidney failure.  (ECF No. 159 at 9.)

4

Variant"); *United States v. Mustafa*, No. 93-CR-203, 2021 WL 1240321, at *2 (S.D.N.Y. Apr. 2, 2021) (denying compassionate release where a defendant with "diabetes, high cholesterol, morbid obesity, poor blood circulation and partial blindness" received the COVID-19 vaccine). While I am sympathetic to the defendant's other medical problems, they do not constitute extraordinary or compelling circumstances warranting compassionate release.[5]

Even if the defendant had established extraordinary and compelling circumstances, he would not be entitled to release because those factors do not outweigh the Section 3553(a) factors. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430-31 (S.D.N.Y. 2020) (The court should "assess whether [the Section 3553(a)] factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence."). The defendant tortured his victim for hours, and then shot and killed him. As Judge Gleeson observed at sentencing, the defendant's crime was "the worst crime committed in the worst way." (ECF No. 97 at 22.) The 44-year sentence Judge Gleeson imposed reflected the seriousness of the defendant's criminal behavior, and provided just punishment.[6] At this point, the defendant has served only 12 years of that sentence. To release the defendant this early in his term of imprisonment would "disserve the interests embodied in the Court's original sentencing determination—most significantly, the need for the

---

[5] The defendant cites two cases from this circuit in which the court granted vaccinated inmates' motions for compassionate release. (ECF No. 160 at 7-8.) However, those cases involved materially different facts. *See United States v. Cardenas*, No. 17-CR-339, 2021 WL 3722761, at *1-3 (S.D.N.Y. Aug. 23, 2021) (granting motion for compassionate release where the defendant's wife lost her job during the pandemic and was unable to support their family on her own, the defendant's crimes did not include murder and his eight-year sentence was reduced by a year); *United States v. Tucker*, No. 13-CR-378, 2021 WL 3722750, at *1-3 (S.D.N.Y. Aug. 23, 2021) (granting motion for compassionate release where the defendant had sickle cell disease, did not commit murder and had served two-thirds of his sentence).

[6] The defendant seems to argue that the Court should consider the fact that his victim was a drug dealer and criminal. (*See* ECF No. 160 at 9, 11-15.) The identity of the defendant's victim does not negate the horrific nature of his crime.

sentence imposed to reflect the need for just punishment." *United States v. Harris*, No. 15-CR-445-11, 2020 WL 5801051, at *4 (S.D.N.Y. Sept. 29, 2020); *see also United States v. Romero*, No. 15-CR-445, 2020 WL 2490027, at *1 (S.D.N.Y. May 14, 2020) (denying compassionate release for active member of 18 Park who had engaged in shootings and had served "approximately 54 months of his significantly below-guidelines sentence of 78 months' incarceration").[7]

## CONCLUSION

For the reasons stated above, the defendant's motion for compassionate release is denied.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
        October 28, 2021

---

[7] The defendant appears to renew the argument made in his prior motion that his sentence should be reduced pursuant to the First Step Act and Fair Sentencing Act. (*See* ECF No. 160 at 3.) I rejected that argument in my March 18, 2020 order. (*See* ECF No. 153.)